IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHARON L. SILNUTZER,           )
         Plaintiff         )
                               )
vs.                            )     Civil Action No. 07-633
                               )     Judge Terrence F. McVerry/
SHARP MEDICAL IMAGING,         )     Magistrate Judge Amy Reynolds Hay
         Defendant        )

REPORT AND RECOMMENDATION

I.    RECOMMENDATION

It is respectfully recommended that defendant's motion to dismiss or, in the alternative, motion for summary judgment [Doc. No. 3], be treated as a motion for summary judgment and granted.

II.    REPORT

Plaintiff, Sharon L. Silnutzer ("plaintiff"), commenced this action under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa.C.S. § 951, et seq., alleging that defendant, Sharp Medical Imaging ("defendant"), discriminated against her because of her gender and pregnancy when they terminated her employment in November of 2005.

Defendant has filed a motion to dismiss or, in the alternative, for summary judgment arguing that plaintiff's claims brought under Title VII are properly dismissed as defendant did not employ fifteen or more employees during the relevant time period as is required to establish liability under Title VII.

In reviewing a motion to dismiss the Court is to consider only the allegations in the complaint and any documents attached thereto. Fed. R. Civ. P. 10(c); Logue v. Logano Trucking Co., 921 F. Supp. 1425, 1426 (E.D. Pa. 1996). See Pension Benefit Guarantee Corp. v. White Consolidated Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993), cert. denied, 510 U.S.

1042 (1994).  Accepting the allegations contained in the complaint as true and viewing them in a light most favorable to the non-moving party, the Court must then determine whether plaintiff has properly stated a claim.  <u>Hishon v. King & Spalding</u>, 467 U.S. 69 (1984); <u>Ala, Inc. V. CCAir</u>, 29 F.3d 855, 859 (3d Cir. 1994).  <u>See</u> <u>Federal Insurance Co. v.  Richard I. Rubin & Co., Inc.</u>, 12 F.3d 1270, 1283 n.10 (3d Cir. 1993), <u>cert</u>. <u>denied</u>, 511 U.S. 1107 (1994).  Where, however, the moving party has included matters outside the complaint for the Court's consideration, the motion shall be treated as one for summary judgment.  Fed. R. Civ. P. 12 (b).

Here, defendant has submitted an affidavit and several other exhibits in support of its motion which we have considered and, thus, the motion is properly treated as one for summary judgment.  <u>Id.</u>

Summary judgment is appropriate if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986).  The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact.  Once that burden has been met, the non-moving party must set forth "specific facts showing that there is a *genuine issue for trial* ... or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. <u>Matsushita Electric Industrial Corp. v. Zenith Radio Corp.</u>, 475 U.S. 574 (1986).  An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986).  Thus, it must be

determined "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Brown v. Grabowski, 922 F.2d 1097, 1111 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991), quoting Anderson v. Liberty Lobby, Inc., 477 U.S. at 251-52.

  Further, it is undisputed that under Title VII only those employers "who [have] fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year" are subject to liability. 42 U.S.C. § 2000e(b). See Arbaugh v. Y&H Corp., 546 U.S. 500, ___, 126 S. Ct. 1235, 1239 (2006).

  Here, defendant has submitted an affidavit from Pat Janeiro, one of its corporate officers, attesting to the fact that from the time of its formation until the present defendant has never employed fifteen or more employees at one time. Janiero Aff. ¶ 3 (Doc. No. 3-3). In addition, defendant has submitted a letter from its payroll contractor as well as quarterly payroll reports for 2004, 2005, and 2006, which also demonstrate that defendant did not employ fifteen or more employees over any twenty week period. Id. This evidence clearly suggests that plaintiff is unable to establish Title VII's numerosity requirement.

  Although plaintiff has noted in her response to defendant's motion that she has reviewed defendant's submissions without having had the opportunity for discovery or cross-examination, she has not asked for discovery or in anyway suggested that discovery would reveal contrary information. Nor has plaintiff challenged the authenticity or accuracy of defendant's documentary evidence. Because that evidence appears to establish, without dispute, that defendant is not an "employer" within the meaning of Title VII and, thus, not subject to liability, summary judgment appears to be warranted.

  Having found that plaintiff is unable to sustain her Title VII claims against defendant it appears that only her state law claims brought under the PHRA remain. Where all

claims over which the Court has original jurisdiction have been dismissed, however, the district court may decline to exercise supplemental jurisdiction over the remaining claims. 28 U.S.C. § 1367(c)(3). Although declining to exercise jurisdiction is within the discretion of the district court, the Court of Appeals for the Third Circuit has held that, absent extraordinary circumstances, "pendent jurisdiction should be declined where the federal claims are no longer viable." Shaffer v. Albert Gallatin Area School District, 730 F.2d 910, 912 (3d Cir. 1984) (citations omitted). See Annulli v. Panikkar, 200 F.3d 189, 202 (3d Cir. 1999).

Here, there does not appear to be any extraordinary circumstances surrounding this case which would warrant the exercise of supplemental jurisdiction over plaintiff's state law claims. Indeed, plaintiff has represented that she is pursuing those claims in state court. As such, it appears that the Court should decline to exercise jurisdiction over plaintiff's PHRA claims and they are properly dismissed as well.

For these reasons, it is recommended that the motion to dismiss or, in the alternative, motion for summary judgment submitted on behalf of defendant Sharp Medical Imaging [Doc. No. 3], be treated as a motion for summary judgment and be granted.

Within ten (10) days of being served with a copy, any party may serve and file written objections to this Report and Recommendation. Any party opposing the objection shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

       Respectfully submitted,

       /s/ *Amy Reynolds Hay*
       United States Magistrate Judge

Dated: 15 August, 2007

cc:    All counsel of record by Notice of Electronic Filing